# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DEANNA H. LANIER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>*Acting Commissioner of Social Security*, )<br>)<br>Defendant. ) | Civil Action No. 1:15-cv-00255-N |

## MEMORANDUM OPINION AND ORDER

Plaintiff Deanna H. Lanier brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits ("DIB"). The parties have consented to the exercise of jurisdiction by, and this case has been ordered referred to, the undersigned United States Magistrate Judge for all proceedings in this Court pursuant to 28 U.S.C. § 636(c), FED. R. CIV. P. 73, and S.D. Ala. GenLR 73. *See* Docs. 14, 16. Parties waived oral argument in this case. Doc. 15.

Upon consideration of the administrative record ("R.") (Doc. 8), Plaintiff's Brief (Doc. 9), and the Commissioner's Brief (Doc. 11), the Court has determined that the Commissioner's decision denying Plaintiff's benefits should be **REVERSED and REMANDED** under sentence four of 42 U.S.C. § 405(g).[1]

### I. Procedural Background

---
[1] Any appeal taken from this memorandum opinion and order and simultaneously entered separate judgment may be made directly to the Eleventh Circuit Court of Appeals. *See* Doc. 14.

Plaintiff filed an application for DIB and a period of disability on March 19, 2012 (*see* R. 128-29), alleging a disability onset date of April 1, 2007. *See* R. 128. Her application was initially denied. *See* R. 75-79. Hearings were conducted before Administrative Law Judge Perry Martin ("the ALJ") on June 6, 2013. *See* R. 34-63. On August 23, 2013, the ALJ issued the decision, now before this Court, finding Plaintiff not disabled. R. 17-33. The Appeals Council issued a decision declining to review the ALJ's determination on March 21, 2015 (*see* R. 1-6), rendering the Commissioner's decision final for purposes of judicial review (*see* 20 C.F.R. § 404.981). Claimant timely filed a complaint in this Court on May 15, 2015. *See* Doc. 1.

## II.    Factual Background

Plaintiff is a resident of Theodore, Alabama, born June 30, 1965. R. 128. She was 47 at the time of the hearing before the ALJ. R. 34, 128. She left school after completing tenth grade and has not completed the GED exam. R. 41. Her past relevant work experience includes positions as a landscaper, a nursery manager, a receiving clerk, and a horticulture gardener. R. 28, 179. She did not perform substantial gainful activity between the alleged onset date of April 1, 2007, and the date last insured of June 30, 2007. R. 22, 140-41. Plaintiff suffers from epilepsy and depression with anxiety disorder. R. 22. She has been treated by Dr. Georgia Lea for frontal lobe seizure activity and by Dr. Elaine Mallary, psychiatrist, for bipolar disorder, depression, and anxiety. R. 27. She has been on medication to control both seizures and anxiety. *Id.*

### III. Claims on Appeal

On appeal to this Court, Plaintiff asserts that the Commissioner's decision to deny benefits is in error (*i.e.,* not supported by substantial evidence) on the following grounds:

1. The ALJ reversibly erred in failing to assign controlling weight to the opinion of the Plaintiff's treating physician, Georgia Lea, M.D. Dr. Lea's opinion's regarding the onset of the Plaintiff's disability should be given controlling weight under Social Security Ruling 83-20.

2. The ALJ reversibly erred under Social Security Ruling 83-20 and HALLEX I-2-6-70(A) by failing to call on the services of a medical expert to determine the onset of Claimant's impairments.

Doc. 9 at 1-2.

### IV. Standard of Review

In all Social Security cases, a plaintiff (sometimes referred to as a claimant) bears the burden of proving that he or she is unable to perform his or her previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). In evaluating whether that burden has been met, and thus a claimant has proven that he or she is disabled, the examiner (most often an ALJ) must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the plaintiff's age, education, and work history (*see id*); and, in turn,

uses a five-step sequential evaluation to determine whether the claimant is disabled, which considers: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairments in the regulations; (4) if not, whether the claimant has the [residual functional capacity, or] RFC[,] to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Commissioner of Soc. Sec.*, 457 Fed. Appx. 868, 870 (11th Cir. 2012) (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)).

If a plaintiff proves that he or she cannot do his or her past relevant work, it then becomes the Commissioner's burden to prove that the plaintiff is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Id.*; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, but importantly, although "the [plaintiff] bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).

The task for this Court is to determine whether the Commissioner's decision to deny a plaintiff benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla but less than a preponderance, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)

4

(citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "In determining whether substantial evidence exists, [a court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. App'x 995, 996 (11th Cir. Apr. 1, 2010) (per curiam) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). "Even if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is **supported by** substantial evidence." *Id.* (citing *Crawford v. Commissioner of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)) (emphasis added).

## V. <u>Analysis</u>

### A. The ALJ did not properly consider the opinion of Plaintiff's treating physician, Georgia Lea, M.D.

Plaintiff contends that the ALJ reversibly erred in failing to assign controlling weight to the opinion of the Plaintiff's treating physician, Georgia Lea, M.D., whose opinion should be given controlling weight under Social Security Ruling 83-20. Doc. 9 at 2. The opinion of a treating physician, such as Dr. Lea, "must be given controlling weight" if her medical opinion is "well-supported and not inconsistent with the other substantial evidence in the case record . . ." SSR 96-2p, 1996 WL 374188 (July 2, 1996). The ALJ must weigh all medical opinions before it according to specific factors:

> Unless we [the Social Security Administration] give a treating source's opinion controlling weight under paragraph (c)(2) of this section, we will consider all of the following factors in deciding the weight we give

5

> to any medical opinion.
> > (1) Examining relationship . . .
> > (2) Treatment relationship . . .
> > (3) Supportability . . .
> > (4) Consistency . . .
> > (5) Specialization . . .
> > (6) Other factors. When we consider how much weight to give to a medical opinion, we will also consider any factors you or others bring to our attention, or of which we are aware, which tend to support or contradict the opinion . . .

20 C.F.R. § 404.1527(c). The ALJ "must clearly articulate the reasons for giving less weight to the opinion of the treating physician, and the failure to do so is reversible error." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1997).

The opinion of a treating physician " 'must be given substantial or considerable weight unless "good cause" is shown to the contrary.' " *Phillips*, 357 F.3d at 1240 *citing Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). " '[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctors own medical records." *Id.* at 1241. "When electing to disregard the opinion of a treating physician, the ALJ must clearly articulate its reasons." *Id.*

In the present case, the ALJ disregarded the opinion of Plaintiff's treating physician by stating that

> "no weight is given to the opinion of Dr. Lea as there is no indication she provided any care for the claimant prior to June 30, 2007. She would have no way of knowing if the claimant's condition prior to that date was disabling in nature of to what extent it interfered with her activities of daily living."

R. 28. The ALJ's explanation for disregarding Dr. Lea's opinion does not articulate

6

any of the categories of "good cause" described in *Phillips*. R. 28 *compare* 357 F.3d at 1240-41. This Court also cannot plainly infer from the explanation itself whether the ALJ is depending on a "good cause" for disregarding Dr. Lea's opinion, as articulated by the Eleventh Circuit. *Id.* Thus, the opinion should have been given controlling weight. SSR 96-2p. Even if good cause exists for not giving the opinion controlling weight, the ALJ should have evaluated Dr. Lea's opinion according to the factors enumerated in 20 C.F.R. 404.1527(c), but the ALJ's explanation does not make reference to these factors. *See* R. 28.

The Acting Commissioner argues that the ALJ "suggests" inconsistencies between Dr. Lea's opinion and contemporaneous records and that the evidence did not bolster her opinion. Doc. 11 at 7-8. However, any such suggestion is inadequate to the task of evaluating the opinion of a treating physician. *See Phillips*, 357 F.3d at 1240-41. The ALJ must clearly articulate his reasons for failing to give controlling weight to Dr. Lea's opinion, but such clear articulation is lacking here. R. 28 *compare MacGregor*, 786 F.2d at 1053.

Accordingly, the Court **SUSTAINS** Plaintiff's assertion that the ALJ reversibly erred in failing to assign controlling weight to the opinion of the Plaintiff's treating physician, pursuant to Social Security Ruling 83-20. On remand, the ALJ must "explicitly consider and explain the weight accorded" to Dr. Lea's opinion. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (2011) *accord* 20 C.F.R. § 404.1527(c) *and Phillips*, 357 F.3d 1240-41.

B. **The ALJ did not err by failing to call on the services of a medical expert to determine the onset of Claimant's impairments.**

7

Plaintiff next contends that the ALJ "reversibly erred under Social Security Ruling 83-20 and HALLEX I-2-6-70(A) by failing to call on the services of a medical expert to determine the onset of Claimant's impairments." Social Security Ruling 83-20 states, in pertinent part, that:

> [i]n some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working. How long the disease may be determined to have existed as a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the [ALJ] should call on the services of a medical advisor when onset must be inferred.

SSR 83-20, 1983 WL 31249 (Jan. 1, 1983). Alternatively, the Hearings, Appeals, and Litigation Law Manual (HALLEX) states that "[a]n ALJ is encouraged to consult with an ME [medical expert] when the claimant alleges disability that began before his or her date last insured and the facts may conceivably support the claim. SSR 83-20." HALLEX I-2-6-70(A) n.3, 1993 WL 751901 (Dec. 12, 2013). This particular HALLEX recommendation provides guidance to the ALJ in determining a limiting disability began before the date last insured. *See id.* However, it suggests the use of a medical expert rather than mandating it and thus cannot fairly be the basis of error on the part of the ALJ. *See id.* Thus, the Court turns to the language of SSR 83-20.

The Plaintiff's date last insured was June 30, 2007, and the ALJ is considering whether or not Plaintiff had disabling impairments prior to that date. R. 22-25. Plaintiff's first examination by primary treating physician Dr. Lea was in April 2009, well after the date last insured. R. 322 *compare* R. 22. However, this is

8

not the first medical examination in the record. It was noted by the ALJ that Plaintiff has been under the care of a physician for epilepsy since 1993. R. 26 *compare* R. 247. The record reflects that Plaintiff has been under the care of a physician for depression and anxiety since at least 1996. R. 26 *compare* R. 246. Plaintiff's medical history is traced with at least some detail from that time to the time of the hearing. *See, e.g.*, R. 25-28, 240-247. Thus, the ALJ is not considering an alleged onset date before the "first recorded medical examination," since history of medical treatment exists in the record from long before the date last insured. R. 22-25 *compare* R. 246-47. Consequently, the ALJ is not required to "reasonably infer . . . the onset of a disabling impairment" and the prescription to "call on the services of a medical advisor" is not applicable. *See* SSR 83-20. Since the ALJ was not required to consult a medical advisor, this assignment of error is **OVERRULED**.

## VI. <u>Conclusion</u>

Plaintiff has requested that this case be reversed and the Plaintiff found disabled, while alternatively requesting that the case be remanded to the ALJ "for a proper evaluation under the Social Security Regulations." Generally, remand to the Commissioner "is warranted where the ALJ has failed to apply the correct legal standards." *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993). This Court may enter an order "awarding disability benefits where the [Commissioner] has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." *Id. See also Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991) ("The credibility of witnesses is for the

9

Secretary to determine, not the courts . . . The decision of the Secretary here, however, rests not so much on the credibility of the 'history of pain' presented by Carnes, as on the adoption of a legal standard improper under Listing 10.10(A). []The record in this case is fully developed and there is no need to remand for additional evidence. Based on the facts adduced below and after application of the proper legal standard, we hold that claimant met the requirements of Listing 10.10(A) as early as 1982."). Here, however, reversal is based on the Commissioner's failure to adequately explain his reasoning in weighing a medical opinion. It is not clear that the cumulative effect of the evidence establishes disability without any doubt.[2] Thus, the Court will reverse and remand this action to the Commissioner for further proceedings.

In accordance with the foregoing analysis, it is **ORDERED** that the Commissioner's March 21, 2015 final decision denying Plaintiff's application for a period of disability and DIB is **REVERSED** and **REMANDED** to the Commissioner under sentence four of 42 U.S.C. § 405(g) (*see Melkonyan v. Sullivan*, 501 U.S. 89 (1991)) for further proceedings consistent with this memorandum opinion. This remand under sentence four of § 405(g) makes Plaintiff a prevailing party for

---

[2] *Cf. Hildebrand v. Comm'r of Soc. Sec.*, No. 6:11-CV-1012-ORL-31, 2012 WL 1854238, at *7 (M.D. Fla. May 4, 2012) ("The errors noted here compel a return of the case to the Commissioner to evaluate the evidence and make findings in the first instance. For the reasons set forth above, the Court finds that certain of the conclusions of the ALJ were not made in accordance with proper legal standards and are not supported by substantial evidence. The Court does not find that only one conclusion can be drawn from the evidence; but that the conclusion that was drawn did not meet the standard of review. Under such a circumstance, it would not be appropriate for this Court to substitute its opinion of the weight to be given the evidence for that of the Commissioner. While the Court has the power to do just that in an appropriate case, the Court finds this is not such a case."), *report and recommendation adopted,* No. 6:11-CV-1012-ORL-31, 2012 WL 1854249 (M.D. Fla. May 21, 2012).

purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412 (*see Shalala v. Schaefer*, 509 U.S. 292 (1993)), and terminates this Court's jurisdiction over this matter.

Should Plaintiff succeed on her application for benefits following remand, under FED. R. CIV. P. 54(d)(2)(B), the Court hereby grants Plaintiff's counsel an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b) until thirty-five days after the date of the notice of award of benefits from the SSA. *See Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (per curiam) ("FED. R. CIV. P. 54(d)(2) applies to a § 406(b) attorney's fee claim."); *Blitch v. Astrue*, 261 F. App'x 241, 242 n.1 (11th Cir. 2008) (per curiam) (unpublished) ("In *Bergen v. Comm'r of Soc. Sec.,* 454 F.3d 1273 (11th Cir. 2006), we suggested the best practice for avoiding confusion about the integration of FED. R. CIV. P. 54(d)(2)(B) into the procedural framework of a fee award under 42 U.S.C. § 406 is for a plaintiff to request and the district court to include in the remand judgment a statement that attorneys fees may be applied for within a specified time after the determination of the plaintiff's past due benefits by the Commission. 454 F.3d at 1278 n.2.").

Final judgment shall issue separately in accordance with this Order and FED. R. CIV. P. 58.

**DONE** and **ORDERED** this the 15th day of August 2016.

    */s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**